## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDDIE NUNEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 15-3259-EFM-TJJ |
| | ) |
| JAMES HEIMGARTNER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Extend Deadline to Effect Service on Defendants Maddox, Shmucker, Lansaw, and Two Unidentified Defendants (ECF No. 80). In his motion, Plaintiffs seeks a 60-day extension of time to accomplish service of the summons and complaint upon five Defendants and for the Court to direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. No responses have been filed.

Plaintiff filed his *pro se* complaint on November 16, 2015.[1] On May 16, 2016, District Judge Sam A. Crow issued an order dismissing certain Defendants and a portion of Plaintiff's claims.[2] Judge Crow also ordered the Clerk's office to prepare and mail waiver of service forms for several Defendants including Shmucker, Lansaw, and Leonard Mattox, but did not order service on the Defendants labeled in the complaint as van driver and van passenger until Plaintiff

---

[1] ECF No. 1. The court later appointed counsel for Plaintiff, but appointed counsel has not sought leave to file an amended complaint. *See* ECF No. 63 (June 8, 2017 order appointing counsel).

[2] ECF No. 6.

was able to identify them by name.[3]  To date, the waivers of service on Defendants Shmucker,

Lansaw, and Mattox were all returned unexecuted, as was an alias summons served on Mattox.[4]

Plaintiff's motion states that no counsel in this action has been able to identify the van passenger

or driver.  As a result, Defendants Maddox, Shmucker, Lansaw, and the unidentified van driver

and passenger have not been served with summons and Plaintiff's complaint.

Plaintiff concedes that he has exceeded the time allowed by Federal Rule of Civil

Procedure 4(m) to serve these five Defendants.[5]  However, he relies on the language in Rule

4(m) which provides that "if the plaintiff shows good cause for the failure, the court must extend

the time for service for an appropriate period."[6]  He argues good cause exists for his failure to

comply in that he was incarcerated and without counsel until the court appointed counsel, and

that since then an incomplete factual record and confidentiality have prevented counsel from

learning these Defendants' whereabouts.  Plaintiff contends that even if he cannot establish good

cause, the Court has discretion to grant an extension of the 120-day deadline.[7]  He argues the

Court should do so because no Defendant would be prejudiced by the extension, and that if

---

[3] *Id.*

[4] *See* ECF Nos. 7, 28, 37, 38, 45, and 47.

[5] Plaintiff states that Rule 4(m) contains a 120-day deadline for service.  The rule was amended effective December 1, 2015, to reduce the time for service to 90 days.  However, because Plaintiff filed his complaint on November 16, 2015, the 120-day provision continues to apply. *See* D. Kan. Standing Order No. 15-02 ("It is hereby ordered that the 90-day time period for effecting service under Fed. R. Civ. P. 4(m) shall apply to all cases filed on or after December 1, 2015; and it is further ordered that this amendment to Fed. R. Civ. P. 4(m) shall not apply to cases already pending as of December 1, 2015.").

[6] Fed. R. Civ. P. 4(m).

[7] *See Taylor v. Osawatomie State Hosp.*, No. 07-2346-KHV, 2008 WL 474417, at *1 (D. Kan. Feb. 19, 2008).

dismissed he would be barred by the statute of limitations from refiling his claims against these five Defendants.

Because Plaintiff has been unable to locate and serve the five Defendants at issue, he also seeks an order directing the U.S. marshal or another specially appointed individual to serve the five Defendants pursuant to Fed. R. Civ. P. 4(c)(2).  The rule provides in relevant part as follows:

> Service may be effected by any person who is not a party and who is at least 18 years of age.  At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or other person or officer specially appointed by the court for that purpose.  Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.[8]

Plaintiff is prepared to pay the personal service fee associated with service.

With regard to Plaintiff's request for an extension of time to serve Defendant, the Court finds that Plaintiff has shown good cause for such an extension.  However, Plaintiff admittedly does not know the whereabouts of Defendants Lansaw, Shmucker, or Leonard Maddox, nor does he know the identity of the van driver or passenger.  Without the information necessary to effect service, giving Plaintiff another 60 days to serve would not put him in any better position than he is right now.  Perhaps Plaintiff mistakenly believes that if the Court were to grant his motion and direct the U.S. marshal to serve, the marshal would have resources to locate the named Defendants and would investigate the identities of the van driver and passenger.  That is not the case.  When ordered to serve process in civil actions, the Marshals Service requires a current address for each person to be served; without it, the service papers would be returned

---

[8] Fed. R. Civ. P. 4(c)(2).

unexecuted.  As Judge Crow noted, it is Plaintiff's duty to ascertain the identity and location of the van driver and passenger if he intends to pursue his claims against them.[9]

Given the circumstances of this case, the Court will deny Plaintiff's motion without prejudice.  If Plaintiff is able to discover the whereabouts of Defendants Lansaw, Shmucker, or Leonard Maddox through formal discovery or other means, he may renew the motion.  If Plaintiff is able to identify and locate the van driver and passenger, he may renew the motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Extend Deadline to Effect Service on Defendants Maddox, Shmucker, Lansaw, and Two Unidentified Defendants (ECF No. 80) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated:  January 26, 2018

Teresa J. James
U. S. Magistrate Judge

---

[9] *See* ECF No. 6 at 20.

4